# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES CNG DELGLYN,

                Plaintiff,

v.

EDUCATORS CREDIT UNION,

                Defendant.

Case No. 19-CV-350-JPS

**ORDER**

        On March 8, 2019, Plaintiff filed this action *pro se* alleging issues with a deposit at his bank. (Docket #1). Plaintiff later filed a motion for leave to proceed *in forma pauperis*. (Docket #4). In determining whether to permit a plaintiff to proceed *in forma pauperis*, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous, malicious, or fails to state a viable claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B)(I). On the first question, Plaintiff avers that he is unemployed and has no income, and that he incurs approximately $1,200.00 per month in expenses. (Docket #4 at 2–3). The Court is perplexed as to how Plaintiff pays his monthly bills without any income, and the "other circumstances" portion of Plaintiff's motion does not elaborate on this issue.

        Regardless of the Court's misgivings about Plaintiff's financial state, his request for *in forma pauperis* status must be denied because of the frivolity of this action. Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," which fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Plaintiff has an account with the Defendant bank with a balance of $5.00. (Docket #1-1 at 6). Plaintiff, apparently dismayed by his lack of funds, sent a "promissory note" to Defendant in December 2018, wherein he promised to pay Defendant $90,000 (the "Note"). *Id.* at 11. Plaintiff believes that Defendant should have accepted the Note and credited his account for $90,000, as if he had simply deposited cash. Of course, the Note is not legal tender. Plaintiff cannot simply issue a promissory note for a sum of money and require anyone to whom he transfers the note to accept it for face value. In other words, Plaintiff cannot conjure money for himself out of thin air.

Plaintiff followed up the Note with various arcane correspondences to Defendant, threatening that its failure to honor the Note was wrongful and that he would sue. (Docket #1 at 2–3). Defendant seems to have ignored both the Note and Plaintiff's attempts at intimidation. Plaintiff claims that Defendant's conduct violates the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, the Uniform Commercial Code (the "UCC"), and other Wisconsin statutes. *Id.* at 3. He seeks "compensatory damages for [Defendant's] refusal to honor the Note," as well as punitive damages and costs. *Id.* at 4.

Plaintiff's allegations fail to invoke the Court's subject-matter jurisdiction for two reasons. First, federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. *See* 28 U.S.C. §§ 1331 and 1332(a).

Plaintiff's action raises no federal questions. The only federal law he cites is RICO, but that statute was enacted "in an effort to combat organized, long-term criminal activity." *Jennings v. Auto Meter Prod., Inc.*, 495 F.3d 466, 472 (7th Cir. 2007). RICO makes it a crime to invest income derived from a pattern of racketeering activity. RICO also provides a civil cause of action for those injured by a violation of its prohibitions. Defendant's refusal to give Plaintiff $90,000 does not, however, come close to criminal liability for racketeering.[1] Diversity is also lacking, as both parties are from Wisconsin. (Docket #1 at 1–2).

Even if one of these prerequisites were met, the Court would still lack subject-matter jurisdiction because "frivolous suits do not engage federal jurisdiction." *Gilgenbach v. Illinois*, 707 F. App'x 420, 420 (7th Cir. 2018). As described above, Plaintiff's allegations are clearly frivolous. He cannot sue his bank for failing to honor a Note that is not worth the paper it is printed on. For all of the above reasons, this action must be dismissed without prejudice.

---

[1] Plaintiff's allegations leave the Court with the impression that he believes the UCC is federal law. This belief, if it exists, is false. The UCC is a uniform code which was developed by legal academics. The UCC only becomes law when it is enacted by a particular state. Wisconsin, for its part, has partially adopted the UCC. Any purported UCC issues are, therefore, matters of state law.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to *proceed in forma pauperis* (Docket #4) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge